IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF THE STATE OF WASHINGTON

PORT OF PORT TOWNSEND,

Plaintiff,

v.

UNITED STATES, by and through its federal agencies: THE US DEPARTMENT OF INTERIOR and the NATIONAL PARKS SERVICE as successor in interest to the U S HERITAGE AND CONSERVATION SERVICES, DEFENDANT STATE OF WASHINGTON, by and through its state agency RECREATION AND CONSERVATION OFFICE, as successor in interest to the INTERAGENCY COMMITTEE ON OUTDOOR EDUCATION, and THE CITY OF PORT TOWNSEND, a municipal corporation,

Defendants.

NO.

**COMPLAINT OF PLAINTIFF PORT OF PORT TOWNSEND TO QUIET TITLE**

I. Introduction.

1.1 This is a quiet title action brought by the Plaintiff Port of Port Townsend (Port) in which the Port requests the Court to find that the Port of Port Townsend is the owner in fee simple of certain real property and that neither defendant United States, or its

**COMPLAINT OF PLAINTIFF PORT OF PORT TOWNSEND TO QUIET TITLE & OTHER RELIF- 1**
111012.pldg.COMPLAINT. Ports Quiet Title.docx

GOODSTEIN
LAW GROUP PLLC
501 South G Street
Tacoma, WA 98405
Fax: 253.779.4411
Tel: 253 779-4000

agency the US Department of Interior, acting by and through the National Park Service, Defendant State of Washington or its agency the Recreation Conservation Office, nor the City of Port Townsend has any right, title, or interest therein, beyond the Port's lease to the City with termination date of July 31, 2012.

Plaintiff also seeks an award of costs, including attorneys' and expert witness fees herein as to all defendants, and declaratory judgment and injunctive relief as to the State defendants and Defendant City of Port Townsend.

## II. Parties

2.1 Plaintiff Port of Port Townsend is a special purpose district of the State of Washington, and fee simple owner of the property subject to this quiet title action.

2.2 Defendant Recreation and Conservation Office is an agency of the State of Washington and successor to the Interagency Committee for Outdoor Recreation.

2.3 Defendant US Department of the Interior is an agency of the defendant United States.

2.4 Defendant National Parks Service is a sub agency of the defendant US Department of the Interior, and successor in interest to the U S Heritage and Conservation Services which agency administered US Land and Water conservation Fund Act grants.

2.5 Defendant City of Port Townsend is a municipal corporation of the State of Washington.

COMPLAINT OF PLAINTIFF PORT OF PORT TOWNSEND TO QUIET TITLE & OTHER RELIF- 2
111012.pldg.COMPLAINT. Ports Quiet Title.docx

GOODSTEIN
LAW GROUP PLLC
501 South G Street
Tacoma, WA 98405
Fax: 253.779.4411
Tel: 253 779-4000

## III. Jurisdiction & Venue

3.1 This is an action pursuant to 28 U.S.C. 2409a to quiet title to certain real property located within this judicial district of Western Washington in Jefferson County, State of Washington, and more particularly described as follows (hereinafter "Subject Property"):

> The following lots or portions of lots located above water near Kah-Tai Lagoon all located within the Railroad Addition to the City of Port Townsend, Jefferson County, Washington:
>
> Block 6, Lots 1-16
> Block 7, Lots 1-10 and 12-32
> Block 8, Lots 1-16
> Block 25, Lots 1-10, 25-34, and portions of lots 11 and 24
> Block 26, Lots 1-10, 26-34, and portions of lots 10, 11, 24, and 25
> Block 27, Lots 3, 4, 24-34 and portions of lots 11, 12, 22, and 13
> Block 28, Lots 1-13, 18-34, and portions of lots 14-17
> Block 29, Lots 1-5, and 8-20
> Block 32, Lot 7
> Block 33, Lots 5-9
> Block 34, Lots 3-11
> Block 35, Lots 1-13

3.2 Defendant United States of America has consented to be sued in civil actions to adjudicate disputes regarding title to real property in which the United States claims an interest pursuant to 28 U.S.C. 2409a(a).

3.3 This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. 1346(f) as to the United States and its agencies, and pendant jurisdiction as to the remaining defendants.

3.4 Venue is proper as the Subject Property is located within the federal judicial District of Western Washington. Section 1402 of 28 U.S.C.A

GOODSTEIN
LAW GROUP PLLC
501 South G Street
Tacoma, WA 98405
Fax: 253.779.4411
Tel: 253 779-4000

## IV. Facts

4.1 Plaintiff Port of Port Townsend is the owner in fee simple of the property described in Paragraph 2.1 above, having acquired the property by deed from Jefferson County and private individuals. (**Exhibit A,** Subject property Title Guarantee Report, attached).

4.2 The sole encumbrances to the Port Property since the Port's acquisition have been the following:

   **4.2.1 *January 19, 1981 – First Port lease to defendant City of Port Townsend*** for park purpose, *(underwater portions and upland ten foot strip, 30 year term,* **Exhibit B** attached).

   **4.2.2 *July 30, 1982 - Second Port lease to Defendant City of Port Townsend for park purposes.*** **Exhibit C.**
   i. Lease has thirty year term from July 30, 1982 terminating July 31 2012. Para 1, **Exhibit C.**
   ii. Allows "use of premises for park purposes, and if use terminates, so shall lease" Id, para 5.
   iii. Any City plans for park use require Port's approval. Id, para 5 and 42.
   iv. City holds Port harmless from all costs and liabilities arising out of the City's use of the property as a public park. Id, Para 43.

   *See in accord*: Port Resolution 7-82 authorizing lease to City, (August 2, 1982) **Exhibit D** and City Resolution 82-19, authorizing Mayor to enter into Lease with Port, **Exhibit E.**

   **4.2.3 *August 5, 1985 – 1st Amendment to Port - City lease.*** The July 30 1982 Port-City lease was amended on August 5, 1985 to revise the legal description of the property encumbered by the lease. **Exhibit F.**

   **4.2.4 *1986 – Port Easement granted to Puget Power.*** **Exhibit G.**

COMPLAINT OF PLAINTIFF PORT OF PORT TOWNSEND TO QUIET TITLE & OTHER RELIF- 4
111012.pldg.COMPLAINT. Ports Quiet Title

GOODSTEIN
LAW GROUP PLLC
501 South G Street
Tacoma, WA 98405
Fax: 253.779.4411
Tel: 253 779-4000

4.3 Plaintiff is informed and believes that the interest claimed by the United States in such property is described as follows:

An encumbrance consisting of a US Land and Water Conservation Fund Act (16 USC section 4601-4 - 4601-11) section 6(f)(3) grant- based use restriction by which the use of the Port Property is restricted to park purposes purportedly due to the Port's lease of the Subject Property to the City of Port Townsend via a thirty year term lease which allowed the City of Port Townsend to qualify for a US Department of Interior grant for park purposes which included acquisition of lands other than the Port's Subject Property for which the Port was also a signator on the state grant application. The State of Washington agency Interagency Committee for Outdoor Recreation, predecessor to the current Washington state agency Recreation and Conservation Office, was the local administrator of the federal grant. The City of Port Townsend was a co-signature to the grant, and was and is lessee of the Subject Property, for which the Port is Lessor.

4.4 Plaintiff Port first learned of the existence of the claim of interest of the United States in the Subject Property on or after 2008, when the defendants state Recreation and Conservation Office and defendant the US National Park Service and others communicated the United State's intent to encumber the Subject Property via recordation of a re-created Map purporting to depict that a US Land and Water Conservation Fund Act (16 USC section 4601-4 - 4601-11) section 6(f)

COMPLAINT OF PLAINTIFF PORT OF PORT TOWNSEND TO QUIET TITLE & OTHER RELIF- 5
111012.pldg.COMPLAINT. Ports Quiet Title.docx

GOODSTEIN
LAW GROUP PLLC
501 South G Street
Tacoma, WA 98405
Fax: 253.779.4411
Tel: 253 779-4000

grant- based use restriction would encumber the Port's property and restrict it to "park" purposes.

4.5 More recently, the Port became aware that defendant the Washington state agency RCO recommended that the United States acting through the National Parks Service, a sub agency of the US Department of Interior proceed with formal action purporting to encumber the Port's Subject Property. See **Exhibit H**, September 7, 2011 letter from Defendant Washington State agency Recreation and Conservation Office to Defendant US National Park Service.

4.6 On September 27, 2011, the defendant National Park Service issued its opinion in which that US agency concurred with the Washington state agency RCO's recommended that the United States acting through the National Parks Service, a sub agency of the US Department of Interior proceed with formal action purporting to encumber the Port's Subject Property. See **Exhibit I**, September 27, 2011 letter from defendant National Park Service to Defendant Washington State agency Recreation and Conservation Office.

4.7 Prior to such time, and no sooner than 2008, Plaintiff Port had no reason to know of the claim of interest of the United States or its agencies in the Subject Property, and in fact the City and state agency RCO had disavowed in writing any continuing encumbrance on the Port's Subject Property beyond the Port-City lease term which terminates in July 12, 2012.

4.8 Plaintiff Port is informed and believes, and thereon alleges, that none of plaintiff's predecessors in title knew or had reason to know of the existence of the

COMPLAINT OF PLAINTIFF PORT OF PORT TOWNSEND TO QUIET TITLE & OTHER RELIF- 6
111012.pldg.COMPLAINT. Ports Quiet Title.docx

GOODSTEIN
LAW GROUP PLLC
501 South G Street
Tacoma, WA 98405
Fax: 253.779.4411
Tel: 253 779-4000

claim of interest of the United States or its agencies in the Subject Property at any time or prior to 2008.

4.9 The claim of defendant United States and its agencies is without any right whatever, and defendant United States, its agencies and all other defendants have no right, title, or interest in the Subject Property described herein.

## V. CAUSE OF ACTION

### A. First Cause of Action Federal Defendants – Quiet Title

5.1.1 The preceding paragraphs are incorporated herein.

5.1.2 The claim of defendant United States is without any right whatever, and defendant United States its agencies and all other defendants have no right, title, or interest in the Subject Property described herein.

### B. First Cause of Action - State Defendants – Quiet Title

5.2.1 The preceding paragraphs are incorporated herein.

5.2.2 The claim of defendant State of Washington and its agencies are without any right whatever, and defendant State of Washington, its agencies and all other defendants have no right, title, or interest in the Subject Property described herein.

### C. Second Cause of Action – As To State Defendants – Restraint of Title & Damages

5.3.1 The preceding paragraphs are incorporated herein.

5.3.2 The claims of defendant State of Washington and its agencies have impaired the Port's title in the Subject Property and damaged the Port in an amount to be proven at trial.

COMPLAINT OF PLAINTIFF PORT OF PORT
TOWNSEND TO QUIET TITLE & OTHER RELIF- 7
111012.pldg.COMPLAINT. Ports Quiet Title.docx

GOODSTEIN
LAW GROUP PLLC
501 South G Street
Tacoma, WA 98405
Fax: 253.779.4411
Tel: 253 779-4000

### D. Third Cause of Action – As To State Defendants – Declaratory Judgment

5.4.1 The preceding paragraphs are incorporated herein.

5.4.2 By their conduct, defendants State of Washington and it agencies created a cause of action for Declaratory Relief as to the Port's unimpaired fee interest in the Subject Property, for which relief should issue as requested below.

### E. First Cause of Action – Defendant City of Port Townsend -Quiet Title

5.5.1 The preceding paragraphs are incorporated herein.

5.5.2 The claim, if any, of defendant City of Port Townsend are without any right whatever, and defendant City of Port Townsend has no right, title, or interest in the Subject Property described herein.

### F. Second Cause of Action – As To Defendant City of Port Townsend - Quiet Title

5.6.1 The preceding paragraphs are incorporated herein.

5.6.2 On July 30, 1982, The Port of Port Townsend entered into a Lease agreement with the City of Port Townsend, for the City to use certain Port Property as a park. The Port- City lease terminates in July 31, 2012. **Exhibit C.**

5.6.3 The July 30 1982 Port-City lease was amended on August 5, 1985 to revise the legal description of the property encumbered by the lease to be that of the Subject property. **Exhibit F.**

5.6.4. Pursuant to the Port- City lease, the City's use of the Subject Property, adjacent to the Kah-Tai Lagoon is restricted to "park purposes only."

COMPLAINT OF PLAINTIFF PORT OF PORT TOWNSEND TO QUIET TITLE & OTHER RELIF- 8
111012.pldg.COMPLAINT. Ports Quiet Title.docx

GOODSTEIN
LAW GROUP PLLC
501 South G Street
Tacoma, WA 98405
Fax: 253.779.4411
Tel: 253 779-4000

5.6.5. The Port- City lease agreement also contains a "hold harmless" provision, at Paragraph whereby: "It is understood and agreed that the Port of Port Townsend shall be held harmless of all costs and liabilities arising out of the City's use of the property as a public park."

5.6.6 The purpose of the Port – City Lease's hold harmless provision is to protect the Port of Port Townsend from *all* costs and liabilities arising out of the City's use of the property as a public park.

5.6.7. The United States and Washington actions to pursue an encumbrance consisting of a US Land and Water Conservation Fund Act (16 USC section 4601-4 - 4601-11) section 6(f)(3) grant- based use restriction by which the use of the Port's Subject Property is restricted to park purposes is a direct result of the City's use of the Port's Subject Property as a public park, for which relief should issue as requested below.

## VI. PRAYER FOR RELIEF

WHEREFORE, plaintiff Port of Port Townsend prays:

1. That defendant United States of America and /or its agency the US Department of Interior and National Park Service, the Defendant State of Washington and/or its agency the Recreation and Conservation Office as successor in interest to the Interagency of Outdoor Recreation, and state agency Parks and Recreation Commission and the City of Port Townsend be required to set forth the nature of its claims, if any, to the real property described above.

COMPLAINT OF PLAINTIFF PORT OF PORT
TOWNSEND TO QUIET TITLE & OTHER RELIF- 9
111012.pldg.COMPLAINT. Ports Quiet Title.docx

GOODSTEIN
LAW GROUP PLLC
501 South G Street
Tacoma, WA 98405
Fax: 253.779.4411
Tel: 253 779-4000

2. That this Court declare that the claims of defendant United States and /or its agency the US Department of Interior and or the National Park Service, Defendant State of Washington and/or its agency the Recreation and Conservation Office as successor in interest to the Interagency of Outdoor Recreation, and state agency Parks and Recreation Commission and the City of Port Townsend as to such real property are of no validity whatever.

3. That this Court issue a judgment quieting title and finding that plaintiff Port of Port Townsend is the owner in fee simple of certain real property and that neither defendant United States of America and /or its agency the US Department of Interior and National Park Service, the Defendant State of Washington and/or its agency the Recreation and Conservation Office as successor in interest to the Interagency of Outdoor Recreation, and state agency Parks and Recreation Commission and the City of Port Townsend have any right, title, or interest therein, beyond the Port's lease to the City with termination date of July 12, 2012.

4. Alternatively, if the United States elects as a remedy to acquire the Subject Property from the Port, that this Court award the Port "just compensation" in an amount equal to the fair-market value of the property at the time of the federal government's "taking" of the property, pursuant to 28 U.S.C.A. § 2409a(b).

COMPLAINT OF PLAINTIFF PORT OF PORT
TOWNSEND TO QUIET TITLE & OTHER RELIF- 10
111012.pldg.COMPLAINT. Ports Quiet Title.docx

GOODSTEIN
LAW GROUP PLLC
501 South G Street
Tacoma, WA 98405
Fax: 253.779.4411
Tel: 253 779-4000

5. For an Order Declaring the Port's fee interest in the Subject Property is unimpaired as to the named state and local Defendants, for which relief should issue as requested below.

6. For an Order Enjoining State Defendants from acting to impair the Port's fee simple interest in the Subject Property.

7. For an Order & Judgment requiring State Defendants to pay the Port for its damages due to impairments of title and to pay the Port's fees and costs incurred in having to defend its title.

8. For an Order & Judgment requiring the City of Port Townsend to hold harmless and indemnify the Port for its damages and to pay the Port's fees and costs in having to defend its title pursuant to the parties' lease terms.

9. For all such other costs and fees and such other and further relief as the Court deems proper.

DATED: 12 October 2011.

GOODSTEIN LAW GROUP PLLC

_____
Carolyn A, Lake, WSB No. 13980
Attorneys for Defendant Port of
Port Townsend

COMPLAINT OF PLAINTIFF PORT OF PORT TOWNSEND TO QUIET TITLE & OTHER RELIF- 11
111012.pldg.COMPLAINT. Ports Quiet Title.docx

GOODSTEIN LAW GROUP PLLC
501 South G Street
Tacoma, WA 98405
Fax: 253.779.4411
Tel: 253 779-4000

Verification

I, Larry Crockett, being first duly sworn, on behalf of the above-entitled Plaintiff, deposes and says:

1. That I am the Executive Director of the Port of Port Townsend, Plaintiff herein and an authorized agent for the above named Plaintiff.
2. That I have read the foregoing complaint and that the same is true; and
3. That the relevant facts are upon information, good faith belief and or within the knowledge of this affiant, who therefore makes this affidavit.

Dated this 12 day of October, 2011.

_____
Larry Crockett, Executive Director of the Port of Port Townsend

COMPLAINT OF PLAINTIFF PORT OF PORT
TOWNSEND TO QUIET TITLE & OTHER RELIF- 9
111012.pldg.COMPLAINT. Ports Quiet Title.docx

GOODSTEIN
LAW GROUP PLLC
501 South G Street
Tacoma, WA 98405
Fax: 253.779.4411
Tel: 253 779-4000